UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
--------------------------------

JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.

Cause No. HCR 92-00068(1)

SIDNEY POWELL
(Name of Defendant)

Nick J. Thiros
Defendant's Attorney

THE DEFENDANT:
__X__ pleaded guilty to count (s) __1__.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No(s). |
|---|---|---|---|
| 18:1962(d) | Unlawful Conduct Relating to Racketeer Influenced & Corrupt Organizations (RICO) | 1/91 | 1 |

Defendant is sentenced as provided in pages 2 through __4__ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__ Counts __2,3,31 & 33__ are dismissed on motion of the United States.

__X__ It is ordered that defendant shall pay to the United States a special assessment of $__50.00__, for Count __1__ which shall be due **immediately** as follows: payable to Clerk, U.S. District Court, 102 Federal Bldg., 204 S. Main St., South Bend, Indiana 46601. It is further ordered that the defendant shall notify the Clerk, of the United States District Court for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. Number:
_____

Defendant's Date of Birth:
_____

Defendant's Mailing Address:
  2423 Jennings Street
  Gary, Indiana

Defendant's Residence Address:
  Same as above

July 21, 1994
Date of Imposition of Sentence

s/ Allen Sharp
_____
Allen Sharp, Chief Judge
United States District Court

July 21, 1994
Date

Defendant: POWELL, SIDNEY    Judgment - Page 2 of 4
Case No.: HCR 92-00068(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>Twenty-four (24) months</u>.

<u>X</u> The defendant shall surrender to the U.S. Marshal for this district at Hammond, Indiana <u>OR</u> directly to the designated institution by 12:00 noon on <u>September 6, 1994</u>.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____
Deputy Marshal

Defendant: POWELL, SIDNEY                Judgment - Page 3 of 4
Case No:   HCR 92-00068(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __Two (2) years__.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court. If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

_X_ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

_X_ The defendant shall not possess a firearm or destructive device.

3

Defendant: POWELL, SIDNEY              Judgment - Page 4 of 4
Case No:   HCR 92-00068(1)

## STANDARD CONDITIONS OF SUPERVISION

While defendant is on probation or supervised release pursuant to this Judgment, the defendant shall not commit another Federal, State or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

4